**The below described is SIGNED.**

(hjs)

**Dated: February 21, 2006**

*[signature]*

**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>**JASON G. FAWSON**,<br><br>Debtor. | Bankruptcy Number: 05-80224<br><br>Chapter 7 |

| | |
|---|---|
| In re:<br>**FRANCIS WILLIAM WEBSTER** and **DIANA LORRIE WEBSTER**,<br><br>Debtors. | Bankruptcy Number: 05-80217<br><br>Chapter 7 |

**AMENDED[1] MEMORANDUM DECISION DENYING MOTIONS TO EXTEND TIME TO FILE PAPERS REQUIRED BY 11 U.S.C. § 521(a)(1)**

These two Chapter 7 cases raise the issue of the extent of the Court's discretion regarding the automatic dismissal of a case pursuant to 11 U.S.C. § 521(i).[2] The debtors failed to timely

---

[1] The first and third sentences of subsection 1 on page six have been amended to cite to 11 U.S.C. § 521(i)(1), and the reference in footnote 21 has been changed to account for the renumbering of footnotes.

[2] Future statutory references are to title 11 of the United States Code unless otherwise noted.

file all information required by § 521(a)(1), and no one sought an extension of the time to file the papers until more than 45 days after the petitions were filed. Because the Court finds that no discretion exists under the circumstances of Webster's and Fawson's cases, the untimely motions to extend time to file papers are denied, and, by operation of § 521(i), Webster's and Fawson's cases were dismissed effective 46 days after the petitions were filed.[3]

## I. BACKGROUND

Jason G. Fawson (Fawson) filed a Chapter 7 petition on December 6, 2005. On the same day, Francis William Webster (Webster) and Diana Lorrie Webster (together the Websters) also filed a Chapter 7 petition. Immediately thereafter, Fawson and the Websters (collectively, the Debtors) filed various papers, but the Debtors did not file copies of payment advices or other evidence of payment received within 60 days before the date of the filing of the petition as required by § 521(a)(1)(B)(iv). The Debtors did not file a statement indicating that no such payment advices had been received and that they were not, therefore, required to file payment advices.[4]

Different trustees were appointed in each case. A § 341 meeting was noticed for January 3, 2006 in Fawson's case and for January 17, 2006 in the Websters' case. In Fawson's case, the Chapter 7 trustee continued the § 341 meeting until January 27, 2006 for the purpose of inquiring about Fawson's 2004 Federal and State tax returns. On January 13, 2006, the United

---

[3] For the reasons articulated below, Diana Lorrie Webster's case is not dismissed, and the case will remain under the jurisdiction of the Court.

[4] Some attorneys file a pleading indicating that a debtor did not receive any payment advices from any employer in the 60 days prior to filing, which is a prudent practice. An example of this form entitled Statement Under Penalty of Perjury Concerning Payment Advices Due Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv) that was drafted by personnel at the United States trustee's office is posted as a courtesy on the Court's web site.

States trustee filed a § 704(b)(1)(A) notice stating that Fawson had not filed nor transmitted all of the required means testing documents and that without those documents, the United States trustee could not make a determination as to whether Fawson's case was presumed abusive under § 707(b). In the Websters' case, the Chapter 7 trustee has filed a request for creditors to file claims, indicating that there are assets the Chapter 7 trustee intends to administer. There is also a Motion for Relief from the Automatic Stay pending.

The § 521(i) 45-day time limit to file papers ran in both cases on January 20, 2006. None of the Debtors expressly requested an extension of time under § 521(i)(3) in which to file their § 521(a)(1) papers, and neither Chapter 7 trustee filed a motion under § 521(i)(4) before the 45-day time limit expired. Because it was unclear whether or not the Debtors had received payment advices or other evidences of payment from any employer within 60 days prior to the date of the filing of the petition, the Court issued an Order to Show Cause in both cases on January 26, 2006. The Court ordered the Debtors to file a written explanation of the failure to timely file the documents required by § 521(a)(1)(B)(iv) and to otherwise show cause why the Chapter 7 cases were not dismissed by operation of the statute "effective on the 46th day after the date of the filing of the petition."

At this point, the two cases diverged somewhat. In Fawson, payment advices were filed on January 27, 2006, the day after issuance of the Order to Show Cause and, apparently, at the conclusion of the continued § 341 meeting. These papers, however, did not cover the 60 days prior to the date of filing, and on January 30, 2006, amended payment advices were filed that covered the required period. A "Debtor's Response to Order to Show Cause Dated January 26, 2006, and Ex Parte Motion to Extend Time to File Pre-Petition Payment Advices" (Fawson's Motion) was filed a week later. In Webster, three affidavits or statements were filed — one by

Diana Lorrie Webster indicating that she was not employed during the 60 days prior to the fling and did not receive any payment advices from an employer; one by Webster indicating that he was employed and had delivered his payment advices to his attorney; and one by the Websters' attorney giving an explanation of the reasons why Webster's payment advices were not filed and requesting affirmative relief that the Websters' Chapter 7 case not be dismissed. Webster also filed his payment advices reflecting his income from his employer during the applicable period. Neither Chapter 7 trustee has responded to the Court's Order to Show Cause. Deeming the issues joined, the Court has decided to treat the Websters' attorney's affidavit that seeks affirmative relief as a motion and to consolidate the ruling on both Fawson's and the Websters' motions in one memorandum decision.

## II.  DISCUSSION

Having jurisdiction over these core matters as more fully discussed below,[5] the Court will take, in order, each of the Debtors' arguments as to why these cases were not dismissed by operation of the statute on January 21, 2006.[6]

---

[5]     28 U.S.C. § 157(b)(2)(A).

[6]     FED. R. BANKR. P. 9006(a) governing the computation of time provides that when the last day for an act to be done falls on a weekend or legal holiday, the time for doing the act is extended to the next day that is neither a weekend nor legal holiday. In both of these cases, the deadline for filing all papers required under § 521(a)(1) expired on Friday, January 20. Neither the statute nor the Federal Rules contemplate that an automatic statutory dismissal at a particular point in time involves the sort of "act" or "period of time" subject to extension if the date falls on a weekend. Thus, the statutory dismissal became effective on Saturday, January 21.

### A.    FAWSON

Fawson's Motion represents, and the Court accepts as fact, that his attorney was experiencing computer difficulties in the week prior to the January 3, 2006 § 341 meeting. This affected the attorney's ability to retrieve and transmit copies of Fawson's 2004 tax returns, as well as the electronically maintained notes in the attorney's data base. This computer problem affected Fawson's case as well as this attorney's other cases. There is no specific indication in Fawson's Motion as to when his payment advices were available for filing or how the computer problems prior to the § 341 meeting precluded their filing within the 45-day period. Upon receipt of the United States trustee's notice pursuant to § 704(b)(1)(A), Fawson's attorney contacted personnel at the United States trustee's office on January 20, 2006, and as a result of the ensuing conversation, Fawson's attorney "accepted the insinuation [from United States trustee staff] that the Debtor had complied with the requirement to provide the necessary documentation."[7] Thereafter, on January 27 and 30, payment advices were filed as set forth above. Fawson's Motion also moves the Court to issue an order extending the deadline to file the payment advices to January 30, 2006.

### B.    WEBSTER

The affidavit filed by Webster's attorney represents, and the Court accepts as fact, that he delivered Webster's payment advices to the United States trustee and to the Chapter 7 trustee. He explains, however, that the papers were not filed in a timely manner with the Court because of his inexperience with the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), and that his unfamiliarity with each of the Court's filing requirements led him to

---

[7]    Fawson's Mot. at ¶ 6.

deliver the documents required to the United States trustee and to the Chapter 7 trustee but to omit filing the documents with the Court. Webster's attorney's affidavit then requests the Court to excuse as "harmless error" the untimely filing and requests that the Chapter 7 case not be dismissed.

### C.   ARGUMENTS RAISED

The Debtors argue that the cases were not dismissed on the 46th day by operation of the statute and that the Court retains discretion in this matter for four reasons: a) the content of § 521(i)(1) is ambiguous, it allows the Court discretion, and any other interpretation would render § 521(i)(2) meaningless; b) dismissal by operation of the statute would also render subparagraphs § 521(i)(3) and (4) meaningless; c) Section 521(a)(1)(B) only requires that papers be filed "unless the court orders otherwise";[8] and d) Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (Rules) does not prohibit enlargement of the 45 days, and failure to timely file was a result of excusable neglect or is "harmless error." In the order raised, and as applied to these two cases, the Court disagrees for the reasons set forth.

### 1.   The Interplay Between § 521(i)(1) and § 521(i)(2)

Fawson argues that § 521(i)(1) is ambiguous, that the Court retains discretion over whether or not to enter a dismissal order (essentially "overriding" § 521(i)(1)), or that automatic dismissal renders § 521(i)(2) superfluous. The Court disagrees. Section 521(i)(1) is not ambiguous as Fawson argues. The section provides that the case is automatically dismissed on the 46th day if an individual debtor fails to file the § 521(a)(1) papers within 45 days of filing the petition. Automatic means "acting or operating in a manner essentially independent of external

---

[8]   Section 521(a)(1)(B).

influence or control."[9] Section 521(i)(1) does not contemplate any independent action by the Court or any other party — the case is merely dismissed by operation of the statute itself. There is no ambiguity.[10]

Fawson argues that § 521(i)(2), which requires the Court to enter a dismissal order not later than 5 days after a party in interest makes a request, is a clear indication that Congress intended courts to have discretion not to enter dismissal orders in circumstances such as those in his case. Fawson's interpretation is contrary to the statute. Section 521(i)(2) requires entry of the dismissal order but only if the Court has determined that § 521(i)(1) is applicable. If all the requirements of § 521(i)(1) are not present, the Court would not enter the order even if requested. The case of Diana Lorrie Webster illustrates this point. It is now clear that she did not receive payment advices from an employer within 60 days before the date of the filing of the petition, she did comply with her duties under § 521(a)(1) and, therefore, her case was not automatically dismissed under § 521(i)(1). If a party had requested entry of a dismissal order under § 521(i)(2), the order could not have been entered.

---

[9] http://dictionary.reference.com/search?q=automatic (February 10, 2006). BLACK'S LAW DICTIONARY 169 (Rev. 4th Ed.) provides a similar definition: "Having inherent power of action or motion; self-acting or self-regulating; mechanical."

[10] The only discretion built into § 521(i) is found in subsections (3) and (4), discussed below, which allow courts to enlarge the time to file § 521(a)(1) papers upon the timely request of the debtor or the trustee. The Court has no discretion to enlarge the time to file § 521(a)(1) documents after the 45-day period has expired because by operation of the statute, the case is already automatically dismissed.

Once the determination that all of the provisions of § 521(i)(1)[11] are met, and subject to subparagraph (4), the statute is quite clear regarding the Court's duties under § 521(i)(2). Even the time to execute the dismissal order, unlike some other provisions of BAPCPA,[12] is about as clear as it can be. Such clarity, if all criteria are met, relieves the Court of discretion in the matter and makes entry of the dismissal order under § 521(i)(2) ministerial. The law is consistent that courts retain jurisdiction over entry of orders ministerial in nature,[13] even if the case has been dismissed by operation of the statute. As such, Fawson's argument that § 521(i)(2) is rendered meaningless if the case was previously dismissed by operation of the statute is flawed.

This interpretation is neither inconsistent with § 521(i)(2) nor does it render that section superfluous. Foremost, the determination of whether to issue a § 521(i)(2) order clarifies, as in Diana Lorrie Webster's case, if § 521(i)(1) is applicable. Further, a § 521(i)(2) order indicating

---

[11] The difficulty with § 521(i)(2) is not that it allows a court discretion to "override" § 521(i)(1). Instead, it is that 5 days is a very short time for the Court to make a determination whether a case meets all the requirements of § 521(a)(1). Usually, ascertaining that a debtor is an individual and that certain papers have been filed will not be difficult. However, an issue as to whether the case is dismissed by operation of the statute will inevitably arise if a required paper is filed but is incomplete. Illustrative of that point is Fawson's filing of payment advices for the wrong prepetition period. Since the payment advices — incomplete or complete — were not filed prior to January 20, 2006, the Court need not reach that issue. The most difficult determination may be in deciding whether or not a debtor has received payments advices from an employer within 60 days before the date of the filing of the petition. The job would be made easier if a debtor, who is not subject to § 521(a)(1)(B)(iv), filed a statement so indicating. In some courts the debtor's failure to respond to a notice of deficiency prepared by the court will be of assistance. It would also be helpful, if grounds exist, for a trustee to file a motion under subsection (4) indicating the intent to administer estate assets as is apparently the case in Webster.

[12] For example, § 362(c)(4)(A)(ii) which requires the Court to "promptly" enter an order confirming that no stay is in effect.

[13] *In re Commercial Fin. Servs., Inc.*, 247 B.R. 828, 844 (Bankr. N.D. Okla. 2000) (stating that bankruptcy courts retain jurisdiction over certain matters after dismissal or closing of a bankruptcy case including jurisdiction to enforce orders); *In re Harris*, 258 B.R. 8, 12 (Bankr. D. Idaho 2000) (stating that courts retain jurisdiction to "consider a variety of issues dealing with the closing of the case").

that the case was dismissed on the 46th day could provide a variety of benefits to parties. An order may be useful in fixing the effective date of dismissal, in evidencing for a trustee that administration of the case should end, in processing an appeal of the dismissal, in indicating that a motion to lift the stay (as filed in the Websters' case) is not necessary, or in proving to third parties that the case is dismissed. To the extent that Fawson's argument implies that the case is not dismissed unless the Court issues such an order, that interpretation is contrary to the explicit language of the statute. Section 521(i)(2) requires an affirmative act from the court but only upon request of a party in interest. This affirmative act does not imply discretion not to dismiss the case, nor does this affirmative request change the legal effect of § 521(i)(1). The debtor's case is simply dismissed. In fact, it is Fawson's argument that would render § 521(i)(2) superfluous. If the case were not dismissed under § 521(i)(1) until a party in interest made a § 521(i)(2) request, then what effect would the automatic dismissal language of § 521(i)(1) have? None. The same absurd result would occur were the Court to find that the phrase "Subject to paragraphs (2) and (4)" found at the beginning of § 521(i)(1) required that the Court wait until a party in interest filed a § 521(i)(2) request before dismissing a case. Were this the intended procedure, courts would have cases languishing on their dockets that were "effectively dismissed" on the 46th day. But trustees might continue to administer the case because everyone is awaiting a § 521(i)(2) request. Such an absurd result could not have been what Congress intended.

**2. Sections 521(i)(3) and (4)**

Section 521(i)(3)[14] allows a debtor to request, within 45 days of the date of the filing of the petition, an additional period of not to exceed 45 days to file the required information upon a showing that justification exists for extending the period for the filing. Section 521(i)(4)[15] allows the trustee to request, within 45 days of the date of the filing of the petition, that the case not be dismissed if the court finds that the debtor attempted in good faith to file the payment advices required by § 521(a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case. Both provisions require action within 45 days of the date of the filing of the petition and prior to dismissal by operation of the statute. Because neither the Debtors nor the Chapter 7 trustees[16] filed such a motion, relief cannot be granted under these provisions. To the extent that the Debtors argue that these two subsections somehow give the Court additional discretion after the 45 days have passed, the statue is to the contrary.

---

[14] Section 521(i)(3) provides:
Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for filing.

[15] Section 521(i)(4) provides:
Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

[16] If the Chapter 7 trustees did not believe grounds existed to file motions under § 523(i)(4), then it would seem appropriate for them to file a request for entry of a dismissal order under § 523(i)(2) rather than continue to administer assets in a dismissed case.

Webster's case, however, could have raised a slightly different issue. Copies of the payment advices were given to the Chapter 7 trustee. But they cannot be deemed to have been filed with the Court by an error in filing as provided in Rule 5005(c) because to deem a filing with a trustee a filing with the Court, the filing party must have intended to file the papers with the Court.[17] Clearly that is not the fact in Webster's case. Because the Chapter 7 trustee did not file a timely motion under § 521(i)(4), the Court does not reach the issue of whether the submission of the papers to the Chapter 7 trustee would have constituted an attempt in good faith to file the payment advices.

### 3. Section 521(a)(1)(B)

Fawson also argues that the Court's discretion to order that the case not be dismissed and to extend the time to file the payment advices until January 30, 2006 is reflected in § 521(a)(1)(B),[18] which provides that the payment advices must be filed "unless the court orders

---

[17] FED. R. BANKR. P. 5005(c) provides that "[a] paper intended to be filed with the clerk but erroneously delivered to the United States trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court." In such circumstances, the Court may exercise its discretion "[i]n the interest of justice" to deem the paper as filed with the clerk on the date of the original misdelivery. At a minimum, however, the party who incorrectly filed the paper must have actually intended that the paper be filed with the clerk. Willfully serving papers only on one or more of the parties covered by Rule 5005(c) is insufficient. No evidence of intent to file papers with the clerk has been presented in the cases at bar and there is no evidence of the date the papers were originally sent; thus, Rule 5005(c) cannot be used to prevent automatic dismissal for failure to file all papers required by § 521(a)(1). *See, e.g.*, *In re Rainbow Trust*, 179 B.R. 51, 54 (Bankr. D. Vt. 1995) (declining to deem informal proof of claim properly filed because the filer willfully sent the paper only to the U.S. Trustee and because the filer received "more than adequate notice" of claim filing requirements); *Ne. Office & Commercial Props., Inc. v. Smith Valve Corp. (In re Ne. Office & Commercial Props., Inc.)*, 178 B.R. 915, 920 (Bankr. D. Mass. 1995) (finding Rule 5005(c) inapplicable because, *inter alia*, the joint motion was "filed precisely in the manner the parties intended" and was never intended for filing with the clerk); *In re A.H. Robins Co., Inc.*, 118 B.R. 436, 440 (Bankr. E.D. Va. 1990) (finding that "[a] letter sent to the debtor but not filed with the Court does not qualify as an informal proof of claim").

[18] Section 521 provides:
(a) The debtor shall –
    (1) file –

otherwise." This equitable argument might be persuasive were it not for the clear language of the more specific provisions of § 521(i) and the lack of any compelling argument as to why the payment advices were not filed.

### 4. Requests for Enlargement of Time under Rule 9006(b)

It is unclear whether the Debtors' requests for enlargement of time are based on an enlargement of the 15-day period provided in Rule 1007(c) or whether the Debtors are requesting to extend the 45-day period to stop dismissal of the case under § 521(i)(3). Under either scenario, the Court finds that the requests are insufficient.

---

(A) a list of creditors; and
(B) unless the court orders otherwise –
    (i) a schedule of assets and liabilities;
    (ii) a schedule of current income and current expenditures;
    (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate –
        (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
        (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
    (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
    (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
    (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition.

### a.      Enlargement of the 15-day Period in Rule 1007

Rule 9006(b), Fawson argues, allows the Court to enlarge the time for filing payment advices. Rule 1007(c) requires that payment advices be filed within 15 days of the filing of the petition.[19] Any extension of time may be granted only on motion for cause shown and on notice to the United States trustee and others as the court directs.[20] In turn, Rule 9006(b)(1)[21] allows enlargement of the time to file for cause shown only if the request is made within the specified period. The Debtors did not file requests for enlargement within the 15-day period; therefore, the Court may enlarge the time only if failure to act was a result of excusable neglect. The Court recognizes that it may have been lax in the past in allowing enlargement of time to file papers where the request was made after the 15-day deadline for excuses that may have fallen short of the required excusable neglect standard. But the provisions of § 521(i) now require the Court to redouble its examination of proffered excuses and whether they meet the excusable neglect standard. Here, the Court has lost the ability to make a determination of whether the enlargement may be granted because, by operation of the statute, both Fawson's and Webster's cases were already automatically dismissed long before the motions were made.

---

[19]      FED. R. BANKR. P. 9006(b)(1) provides:
Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

[20]      FED. R. BANKR. P. 1007(c) states:
any extension of time for the filing of the schedules, statements and other documents may be granted only on motion for cause shown and on notice to the United States trustee and to any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct.

[21]      *See* footnote 19.

Webster has argued that the failure to timely meet the requirements of § 521(a)(1) is harmless error which the Court should excuse. Harmless error is an appellate standard under Rule 9005 and is inapplicable to the facts to be analyzed here. But to address Wesbster's argument, the Court will interpret this harmless error argument to be one for excusable neglect. For the reasons articulated above, however, the Court cannot consider the request because the case was automatically dismissed on the 46th day.

### b.     Enlargement of the Statutory Time Found in § 521(i)(3)

If Webster and Fawson intended to request an enlargement of time to file § 521(i)(3) motions, the Court finds that it cannot enlarge the § 521(i)(3)[22] period for two reasons. First, this Court cannot enlarge the time to file § 521(i)(3) motions because the case was automatically dismissed by operation of the statute on the 46th day, and the Court no longer has jurisdiction to consider and make an affirmative ruling regarding the requests.

Second, Rule 9006(b)(1) only allows parties to enlarge the time "when an act is required or allowed to be done at or within a specified period *by these rules* or by a notice given thereunder or by order of court."[23] By its own terms, Rule 9006(b) does not allow courts to enlarge time periods expressly set forth in the Code.[24] This is consistent with the case law

---

[22]    Had the parties filed a § 521(i)(3) motion before the 45-day period had expired, the Court would have had to determine whether there was "justification for extending the period for filing." This standard differs from the excusable neglect standard articulated in Rule 9006(b)(1).

[23]    FED. R. BANKR. P. 9006(b)(1) (emphasis added).

[24]    *In re Damach, Inc.* 235 B.R. 727, 731 (Bankr. D. Conn. 1999) (stating that neither Rule 9006 nor rule 60(b) of the Federal Rules of Civil Procedure "permits a court to extend a time limitation set by Congress in a statute; they permit modification only of time limitations imposed by other rules or by the court") (internal citations omitted); *In re Win Trucking, Inc.*, 236 B.R. 774, 780-81 n.10 (Bankr. D. Ut. 1999) (stating that Rule 9006(b) "covers only enlargement of time fixed by the Bankruptcy Rules or by court order, and not time fixed by the Code itself"). BAPCPA is replete with statutory time requirements that did not appear in the prior version of the Code. Courts had more discretion under the

establishing that when the Rules and the Code are in conflict, the Code controls.[25]  As further support for this conclusion, the Court notes that subsection (a) of Rule 9006 (which provides the procedure for computation of time periods) applies not only to the Rules but also to the Federal Rules of Civil Procedure, local rules, court orders, and *any applicable statute*.  The exclusion of any reference to any applicable statute (including the Code) in Rule 9006(b) lends support to the conclusion that Rule 9006(b) cannot be used to enlarge statutory deadlines.

### III.  CONCLUSION

The new requirements of BAPCPA are numerous, and filing a case under the new Code can be perilous.  There are many new pitfalls to be negotiated throughout the pendency of a bankruptcy case.  Here, Fawson and Webster failed to timely file their payment advices, and no one timely filed a request for an extension of time.  The belated requests for enlargement of time due to excusable neglect are time barred.  Section 521(i)(1) mandates the dismissal of cases when debtors fail to timely comply with the requirements of § 521(a)(1).  In the absence of a § 521(i)(3) or (4) motion, and at the expiration of the 45-day time period, both Fawson's and Webster's cases were dismissed by operation of the statute.  Notice to that effect will be forwarded to parties in interest, and the Court will enter separate orders denying the motions to

---

prior version of the Code because the statutory deadlines or time periods imposed were often softened to allow courts to modify the time periods or deadlines through the use of the phrase (or a similar permutation) "or within such additional time as the court, for cause, within such period fixes . . . ."  § 521(2)(A).  This phrase, or one like it, is conspicuously absent from §§ 521(i)(3) and (4).

[25]     28 U.S.C. § 2075; *see also U.S. v. Towers (In re Pac. Atl. Trading Co.)*, 33 F.3d 1064, 1066 (9th Cir. 1994) (stating that "any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code"); *U.S. v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir. 1990) (stating that to the extent that a rule contradicts a statute, that rule cannot stand).

extend time to file papers required by § 521(a)(1). Diana Lorrie Webster's case, however, remains under the jurisdiction of the Court.

-------------------------------------END OF DOCUMENT-------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **AMENDED MEMORANDUM DECISION DENYING**

**MOTIONS TO EXTEND TIME TO FILE PAPERS REQUIRED BY 11 U.S.C. § 521(a)(1)**

will be effected through the Bankruptcy Noticing Center to each party listed below, and to all

parties on the matrix of both cases.

Jory L. Trease
JORY L. TREASE, ESQ., INC.
9 Exchange Place, Suite 300
Salt Lake City, UT 84111
    Attorney for Jason G. Fawson

Jason G. Fawson
991 West 700 South
Tooele, UT 84074
    Debtor

R. Kimball Mosier
PARSONS, KINGHORN, HARRIS
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
    Chapter 7 Trustee of Jason G.
Fawson

Francis William Webster
Diana Lorrie Webster
278 West Pacific Dr.
American Fork, UT 84003
    Debtor(s)

Ronald H. Goodman
8 North Center Street
P.O. Box 727
American Fork, UT 84003-0727
    Attorney for Francis William
Webster

Philip G. Jones
853 West Center Street
Orem, UT 84057
    Chapter 7 Trustee of Francis William
Webster

Office of the United States Trustee
Cy Castle, Assistant United States Trustee
Boston Building, Suite 100
9 Exchange Place
Salt Lake City, Utah 84111-2147

